**728** VAN HOESEN vs. CIRCUIT JUDGE (Kalamazoo), No. 119171½.

To set aside proceedings to condemn lands for cemetery purposes.

Held, not proper remedy and denied April 21, 1891.

Matter afterwards reviewed on certiorari.

Board of Health vs. Van Hoesen, 87 M., 533.

**729** MARQUETTE, HOUGHTON & ONT. R. R. CO. vs. PROBATE JUDGE (Houghton), 53 M., 217.

To set aside an award, made by commissioners in proceedings to condemn land for railway purposes, that had been paid under protest, where the land had been actually appropriated, since the allowance of the writ would leave the amount undertermined after the land had been taken.

Denied April 9, 1884.

**730** O'BRIEN vs. TALLMAN, 36 M., 12.

When a justice of the peace has once rendered judgment in a cause he has no power to vacate the same, or set it aside, or to render a new judgment; and if he attempt this, though it be done in obedience to a writ of mandamus from the Circuit Court, the new judgment, so attempted to be rendered, will be a mere nullity, and the prior judgment will remain in full force. While mandamus may issue to compel a justice, if he refuses, to proceed and enter up a judgment in a proper case for a judgment to be rendered, it will not lie to compel him to vacate or change a judgment he has already rendered, and which is subject to be reviewed by certiorari or on appeal. Mandamus will not lie to review irregularities in the judicial action of an inferior tribunal where the party has another adequate remedy.